# WOVEN STEEL HOSE & RUBBER COMPANY *v.* KEASBEY & MATTISON COMPANY.

### TRADEMARKS; GOODS OF SAME DESCRIPTIVE PROPERTIES.

Asbestos tape treated with a hardening substance for use as a friction facing for vehicle brakes, whose function is primarily to minimize overheating and wear, and not to supply friction, is so closely related in its uses and characteristics to asbestos packing, including tape, which, untreated, is sometimes used as a facing for brakes, as to prevent the registration for the former of a trademark whose similarity to a registered trademark for the latter is conceded.

No. 858.  Patent Appeals.  Submitted November 11, 1913.  Decided December 1, 1913.

HEARING on an appeal by the applicant from a decision of the Commissioner of Patents sustaining an opposition to the registration of a trademark.          *Affirmed.*

The facts are stated in the opinion.

*Messrs. Brandenburg & Brandenburg* and *Mr. Vernon E. Hodges* for the appellant.

*Mr. Henry N. Paul, Jr.,* and *Mr. Joseph C. Fraley* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents sustaining appellee's opposition to the registration of the word "Autobestine" as a trademark for "friction facing for vehicle brakes."

The opposition is based upon the registration to the Keasbey

& Mattison Company, appellee, of the word "Autobestos" as a trademark for "packings." This mark was adopted and used by appellee prior to its adoption and use by the Woven Steel Hose & Rubber Company, appellant. The question of similarity being conceded, the sole question is whether, at the time appellant adopted this mark, it was then used by appellee upon goods of the same descriptive properties, within the meaning of the trademark law. Both tribunals of the Patent Office have ruled that it was.

The evidence shows that in about 1907 or 1908 there commenced to be a demand for asbestos "friction facing" for automobile brakes. The appellant thereupon commenced selling asbestos tape treated with some hardening substance, for this purpose, and under the mark "Autobestine." Untreated asbestos tape, such as that sold by appellee under the mark "Autobestos," was also used to some extent for the same purpose. The function of this so-called "facing" is not primarily frictional. Rather is it used to prevent the overheating of the metal surface, and to overcome noise. Of course, its use also prevents undue wear of the metal surface. Without stopping to inquire whether this "friction facing" of appellant is a "packing," within the common acceptation of the term, we think it is clear that the two are so nearly alike in their fundamental characteristics, and the uses to which they are applied are so closely related, that their sale under the same trademark would be likely to cause the public to believe that they were the output of the same manufacturer. Such a result the trademark act does not countenance. Decision affirmed.     *Affirmed.*